**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Steven Karnell SMITH, Defendant–Appellant.**

**No. 92CA0245.**

Colorado Court of Appeals, Div. III.

Feb. 10, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Roger G. Billotte, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Robin Adair Carey, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge TAUBMAN.

Defendant, Steven Karnell Smith, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of felony criminal mischief and misdemeanor eluding of a police officer. We affirm.

Defendant maintains the trial court erred in denying his motion to suppress evidence on the basis that the police did not have reasonable suspicion to stop him. We disagree.

In his motion, defendant alleged that the evidence was the fruit of an illegal stop and arrest and illegal search and seizure. The trial court, however, denied the motion, finding that while it was doubtful that there was a valid basis for attempting to stop defendant initially, the police had probable cause to arrest the defendant once he engaged in eluding behavior.

The record reflects that the police were searching a residential neighborhood for a male suspect on a motorcycle. A police officer engaged in the search, who had been given no information other than that the suspect was male, observed a passing Cad-illac with a broken rear window. He testified that he believed that the person the police were looking for might have "dumped" the motorcycle and stolen the Cadillac. Accordingly, he activated his emergency lights in an attempt to pull the vehicle over. However, the officer admitted it was not illegal to drive a car with a broken rear window.

The Cadillac sped off and the police officer pursued. While traveling at between 35 and 45 miles per hour, the Cadillac's driver attempted to elude the officer and twice swerved the Cadillac towards the officer's car. The driver of the Cadillac then pulled into a dead-end street, slowed down, and tumbled out of the car, which crashed into a garage. Following a search of the immediate neighborhood, the police found and arrested the defendant.

Defendant contends that the police officer's attempt to stop him by flashing his car lights was an illegal "seizure" within the meaning of the Fourth Amendment and, thus, that under the "fruit of the poisonous tree" doctrine, his post-arrest statement should have been suppressed. Relying upon *People v. Wilson,* 784 P.2d 325 (Colo.1989) and *People v. Thomas,* 660 P.2d 1272 (Colo. 1983), defendant maintains that the arresting officer lacked a specific and articulable basis in fact for suspecting that he had engaged, was engaging, or was about to engage in criminal activity at the time the officer activated his flashing lights.

In response, the People assert that we should decline to follow *Wilson* and *Thomas* and, instead, that we should adopt the U.S. Supreme Court's ruling in *California v. Hodari D.,* 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). In *Hodari D.,* the Supreme Court held that a seizure does not occur under the Fourth Amendment if, in response to a show of authority, a subject does not yield; rather, a seizure occurs only when the police physically subdue the subject.

Alternatively, the People urge that we follow the rationale essentially adopted by the trial court. We agree, and thus, we need not determine whether there was a reasonable, articulable basis for the officer's initial stop

of defendant or, alternatively, whether we should adopt *California v. Hodari D.* under the Colorado constitution.

We note in passing that the supreme court recently addressed the definition of Fourth Amendment seizures, but, in so doing, did not cite *Hodari D.* and indicated that its holding did "not extend to other types of police-citizen encounters held not to be seizures by the Supreme Court." *People v. Johnson*, 865 P.2d 836, 844 n. 10 (Colo.1994).

Here, the trial court ruled at the suppression hearing that it had "serious doubts as to whether there were in fact sufficient facts to support a reasonable, articulable suspicion that the defendant had committed a crime" when the officer initially sought to stop him. However, the trial court concluded that, "although there may not have been sufficient reason to stop him in the first place, once the defendant fled, there was probable cause to believe that defendant had committed a crime, and there was probable cause to stop him and arrest him."

■ Assuming *arguendo* that the police officer's attempted stop of defendant was an unlawful seizure, we conclude that the defendant's response constituted new, distinct crimes that constitutionally justified his arrest for those crimes.

In the leading case of *United States v. Bailey*, 691 F.2d 1009, 1016–1017 (11th Cir. 1982), the court held:

> We conclude that notwithstanding a strong causal connection in fact between lawless police conduct and a defendant's response, if the defendant's response is itself a new, distinct crime, then the police constitutionally may arrest the defendant for that crime.

The *Bailey* court determined that the fruits of the poisonous tree doctrine would apply under circumstances in which, in response to unlawful police action, the defendant merely reveals a crime that already has been or is being committed. However, it concluded that extending the doctrine to immunize a defendant from arrest for new crimes "gives a defendant an intolerable *carte blanche* to commit further criminal acts so long as they are sufficiently connected to the chain of causation started by the police misconduct. This result is too far reaching and too high a price for society to pay in order to deter police misconduct." *United States v. Bailey, supra,* at 1017.

In a similar case involving a fleeing defendant, the North Dakota Supreme Court held that the defendant's "independent and intervening actions of engaging the officer in a high speed chase, running from the police officers into the woods, drawing a firearm on the police officers—and actually firing it— break the chain of causation and dissipate the taint of the prior illegality, *i.e.,* the invalid stop." *State v. Indvik*, 382 N.W.2d 623, 627 (N.D.1986).

Although the *Indvik* court did not cite *Bailey*, it applied the same rationale. Other courts have specifically cited *Bailey* in support of their conclusion that evidence of a separate independent crime committed in the presence of police officers following an illegal entry or arrest will not be suppressed under the Fourth Amendment. *See United States v. Waupekenay*, 973 F.2d 1533 (10th Cir. 1992) (collecting cases); *State v. Miskimins*, 435 N.W.2d 217 (S.D.1989).

■ We agree with the reasoning in these cases and hold that if, following an illegal stop or attempted stop, the detained person's response is itself a new, distinct crime, then the police constitutionally may arrest the person for that crime and the evidentiary fruit of that arrest will not be suppressed.

This conclusion is not inconsistent with *People v. Thomas, supra.* There the defendant's mere act of running from the police motivated by an effort to avoid contact with the police did not constitute the type of specific and articulable fact that is constitutionally sufficient to justify a stop. *See People v. Fox*, 97 Ill.App.3d 58, 52 Ill.Dec. 219, 421 N.E.2d 1082 (1981) (driving away at approach of marked police vehicle not a justification for stop).

Here, defendant did not merely attempt to flee on foot. Rather, he immediately drove away at speeds up to 45 miles per hour in a residential neighborhood, twice swerved his car towards the police officer's car in an apparent attempt to hit it, and finally, rolled

out of his car while it was still moving, leaving his car to crash into and damage a garage.

Accordingly, as the trial court found, at the time the police arrested defendant, they had probable cause to arrest him for at least felony criminal mischief. Thus, even if the police officer's attempt to stop defendant initially was unlawful, his response constituted a new, distinct crime which broke the chain of causation and dissipated any taint from the first arguably unlawful attempted stop.

The trial court's findings are supported by evidence in the record. Thus, its denial of the motion to suppress was proper.

Judgment affirmed.

CRISWELL and DAVIDSON, JJ., concur.